# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-879V
Filed: June 28, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DONNA ANDERSON | * | |
| | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | |
| | * | Standing; Attorneys' Fees and |
| SECRETARY OF HEALTH | * | Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Donna Anderson, *pro se.*
Adriana R. Teitel, United States Department of Justice, Washington, DC, for Respondent.
Andrew D. Downing, Van Cott & Talamante, PLLC, as Petitioner's former counsel.

### ORDER GRANTING APPLICATION FOR STANDING[1]

On September 22, 2014, Donna Anderson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa- 1 *et seq.* (2012) ("Vaccine Act"). Petitioner alleged that she suffered from severe pain, total numbness, loss of dexterity, exhaustion, spasms, atrophy, constipation and urinary problems as a result of the administration of the influenza ("flu") vaccine on October 11, 2012. Petition ("Pet.") at 1.

On March 23, 2016, Mr. Andrew Downing, the attorney who represented petitioner at the time the Petition was filed, filed a Motion to Withdraw as Attorney of Record for Petitioner. On April 6, 2016, the undersigned granted the Motion and petitioner is now *pro se.*

---

[1] Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claim's website, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and mote to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Consistent with the rule requirement a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

On May 20, 2016, Mr. Downing filed a Motion for an order "granting him standing for the sole purpose to pursue his Application for Attorneys' Fees and Costs." Application for Standing ("App. for Standing") at 1. Counsel asserted that he has a "substantial and direct interest in the subject matter of the Application for Attorneys' fees and Costs," and averred that his personal knowledge and perspective as to the fees and costs incurred thus far cannot be adequately represented by anyone else. Id. Along with the Application for Standing, Mr. Downing filed an Application for Attorneys' Fees and Costs in which he requested $32,868.67.

On June 6, 2016, respondent filed a Response to Mr. Downing's Application for Standing and the Application for Fees and Costs. Respondent deferred to the Special Master's discretion regarding whether Mr. Downing's applications are procedurally valid and whether an award of interim fees and costs incurred are appropriate. *See* Response to Application for Standing and Application for Attorneys' Fees and Costs ("Response"), at 1-3.

Mr. Downing's Application for Standing is hereby **GRANTED** pursuant to Vaccine Rule 15, as he is an "interested individual" with relevant information concerning petitioner's attorneys' fees and costs incurred to date. *See* § 12(d)(iii); *see also Turner v. Sec'y of Health & Human Serv.*, No. 02-1437V, 2014 WL 1493119, at *1-8 (Fed. Cl. Spec. Mstr. March 26, 2014); *Laney v. Sec'y of Health & Human Serv.*, No. 14-984V (Fed. Cl. Spec. Mstr. May 4, 2016). A separate decision on an award of interim attorneys' fees and costs will follow this order.

**IT IS SO ORDERED.**

                                                  **s/ Thomas L. Gowen**
                                                  Thomas L. Gowen
                                                  Special Master