# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-879V
**Filed: June 28, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DONNA ANDERSON | * | |
| | * | UNPUBLISHED |
| Petitioner, | * | |
| | * | Special Master Gowen |
| v. | * | |
| | * | Interim Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Donna Anderson, *pro se*.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for Respondent.
Andrew D. Downing, Van Cott & Talamante, PLLC, as Petitioner's former counsel.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 22, 2014, Donna Anderson ("Petitioner') filed a Petition for compensation, with the assistance of counsel Andrew Downing, under the National Childhood Vaccine Injury Compensation Program. *See* 42 U.S.C. §§ 300aa- 1 *et seq.* (2012). Petitioner alleged the she suffered from severe pain, total numbness, loss of dexterity, exhaustion, spasms, atrophy, constipation, and urinary problems as a result of the administration of the influenza ("flu") vaccine on October 11, 2012. Petition ("Pet.") at 1.

On March 23, 2016, Mr. Downing filed a motion to withdraw as the attorney of record for Petitioner. This motion was granted after a telephonic status conference with the Petitioner, Mr.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

1

Downing, and Respondent's counsel on April 6, 2016. Petitioner is now proceeding with her case *pro se*.

On April 20, 2016, Mr. Downing filed a motion for an order granting him standing for the purpose of filing an application for attorneys' fees and costs. Mr. Downing's motion for standing was granted in an order issued contemporaneously with this decision. In the application for attorneys' fees and costs, Mr. Downing requested a total award of $32,868.67, and Petitioner requested $2,400.00 as reimbursement for out-of-pocket expenses related to this litigation. *See* Application for Attorneys' Fees and Costs ("Application") at 1-3, filed May 20, 2016.

On June 6, 2016, Respondent filed a response to Mr. Downing's Application. *See* Response to Application for Standing and Application for Attorney's Fees and Costs ("Response"), filed June 6, 2016. In her response, Respondent indicated that she deferred to the special master's discretion regarding whether an award of interim fees and costs incurred are appropriate, and did not object to the overall amount sought for Petitioner's attorneys' fees and costs. *Id.* at 1-4. Respondent objected, however, to the inclusion of petitioner's consultation with Dr. Amiram Katz as an out-of-pocket litigation cost, and questioned the reasonableness of the requested amount for Dr. Katz's expert report. *Id.* at 5.

On June 20, 2016, Mr. Downing filed a reply to respondent, arguing that "an expert neurologist who reviews the medical chart and medical literature, and ultimately authors an expert report that is filed in a Vaccine Program claim, will frequently (if not always) incur a bill greater than $2000 for the work performed." Reply to Response ("Reply") at 2, filed June 20, 2016. Mr. Downing further argued that "[t]his is not an amount that is even remotely large or questionable based on what other neurologists typically charge the Program for their expert services." *Id.*

Petitioner's application for attorneys' fees and costs is now ripe for a decision.

**I.   Discussion**

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e). Additionally, interim fee awards are permissible under the Act. *See Avera* v. *Sec'y of HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *see also Shaw v. Sec'y of HHS*, 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, a special master "may award an amount of compensation" for reasonable attorneys' fees and costs "if the special master . . . determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard and petitioners are entitled to a presumption of good faith. *Hamrick v. Sec'y of HHS*, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007); *Grice v. Sec'y of HHS*, 36 Fed. Cl. 114, 121 (1996). Conversely, "reasonable basis" is an "objective consideration determined by the totality of the circumstances." *McKellar v. Sec'y of HHS*, 101 Fed. Cl. 297, 303 (2011); *Chuisano v. U.S.*, 116 Fed. Cl. 276, 286 (2014). In determining a reasonable basis, the Court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner v. Sec'y of HHS*, No. 99-544V, 2007 WL 4410030, at *6 (Fed. Cl. Spec. Mstr. Nov. 30, 2007) (citing *Di Roma v. Sec'y of HHS*, No. 90-3277V, 1993 WL 496981, at

2

*1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). Factors to be considered include the factual basis of the claim, medical support, and the circumstances under which a petition is filed. *Turner*, 2007 WL 4410030, at *6-*9.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Special masters are permitted to reduce the claimed number of hours to a reasonable number by means of a bulk reduction and are not required to assess fee petitions line-by-line. *Wasson v. Sec'y of HHS*, 24 Cl.Ct. 482, 484 (1991). Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (citing *Farrar v. Sec'y of HHS,* 1992 WL 336502 at * 2 - *3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

### a. Good Faith and Reasonable Basis for the Claim

"Respondent does not challenge the presumption of good faith in this case. Additionally, respondent does not challenge whether there was a reasonable basis for the claim during Mr. Downing's representation of Petitioner." Response at 3. Indeed, the undersigned finds that Petitioner's claim was filed in good faith and with a reasonable basis, as clinical immunologist, Dr. David Axelrod, opined to "a reasonable degree of medical certainty" that Petitioner "suffered inflammatory brain disease, as well as worsening of her symptoms related to her structural cervical spine disease . . . , as well as worsening or recurrence of her underlying depression, as a result of her October 2012 influenza vaccination." Petitioner's Exhibit ("Pet. Ex.") 20 at 5. Additionally, neurologist Dr. Amiram Katz, who evaluated Petitioner during the pendency of this claim, opined that Petitioner was "predisposed to develop autoimmune disease" and likely suffered an "autoimmune attack" in response to receiving the flu vaccine. Pet. Ex. 41 at 3-4. These expert opinions are sufficient to establish reasonable basis for the purposes of the award of attorneys' fees and costs.

### b. Reasonable Attorneys' Fees and Costs

An award of interim attorneys' fees and costs are appropriate at this stage due to the indeterminate amount of time it will take to resolve this claim. During the last status conference on April 6, 2016, Petitioner indicated that she will obtain new counsel and was granted until June 6, 2016 to do so. Through email communication with my law clerk on June 23, 2016, Petitioner requested a status conference as she has been unsuccessful thus far in obtaining an attorney. In light of this and the fact that more expert reports may be required to hone the issues for an entitlement hearing (which in all likelihood will not take place until late 2017), the undersigned is persuaded to award interim attorneys' fees and costs to Mr. Downing.

Mr. Downing requested a total amount of attorneys' fees and costs in the amount of $32,868.67, incurred in the prosecution of this Petition to date. Application at 1. Respondent does not object to the overall amount sought as she finds it is not an unreasonable amount to have incurred for the proceedings to date; nevertheless, respondent notes that her lack of objection should not be construed as an "admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." Response at 5.

Of the total amount requested, $17,360.00 are attorneys' fees for Mr. Downing for 49.60 hours of work at a rate of $350.00 an hour; $7,761.00 are attorneys' fees for associate Jordan Redman for 39.80 hours of work at a rate of $195.00 an hour; and $4,130.00 for paralegals Robert Cain and Danielle Avery for 41.30 hours of work at a rate of $100.00 an hour. The undersigned has reviewed the fee application and finds the hours spent and rates requested reasonable and consistent with the reasoning in *McCulloch v. Sec'y of HHS*, No. 09-293, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Mr. Downing requested reimbursement of $3,617.67 in costs incurred for obtaining an expert report from Dr. David Axelrod, a letter from Petitioner's treating physician Dr. Robert Goodwin, medical records, photocopy charges, and postage charges. The undersigned finds the total costs incurred by Mr. Downing reasonable.

Pursuant to General Order No. 9, Petitioner requested reimbursement for costs personally incurred in obtaining a consultation and expert report from Dr. Katz. Dr. Katz charged $400.00 for petitioner's consultation and $2,000.00 for reviewing Petitioner's medical records, medical literature, and rendering an expert opinion. In her response, Respondent noted that Dr. Katz did not specify the number of hours spent nor the hourly rate for preparing the report; and, also objected to the inclusion of the invoice for the consultation as a litigation cost. Response at 5. Respondent "questions whether additional documentation is needed prior to assessing the reasonableness of the requested amount for Dr. Katz's expert report." *Id.*

In the my experience, Petitioner's reimbursement request for obtaining an expert opinion from a neurologist is far lower than the typical reimbursement request in this Program for the same type of expert review[2] (by thousands of dollars). *See* Pet. Ex. 42 at 1. While it is preferable for Petitioners to include a detailed invoice of a reviewer's time, Petitioner's cost in this instance will be granted as it is reasonable at face value.

In summary, Petitioner is awarded $29,251.00 for interim attorneys' fees; $3,617.67 for interim attorneys' costs; and $2,400.00 for Petitioner's out-of-pocket litigation costs.

---

[2] Upon review of Dr. Katz's curriculum vitae, it appears Dr. Katz is an accomplished neurologist, having completed fellowships in clinical epilepsy, clinical neurophysiology, and clinical polysomnography at Yale University School of Medicine and The Cleveland Clinic Foundation. She has been a practicing neurologist in Israel and the United States since 1980, with several years of experience as a general practitioner prior to that.

## II. Conclusion

Pursuant to 42 U.S.C. § 300aa-15(e), the undersigned awards attorneys' fees and costs as follows:

**(1) A lump sum of $32,868.67 in the form of a check payable jointly to Petitioner and petitioner's attorney, Andrew Downing of the Van Cott & Talamante PLLC, for interim attorneys' fees and costs; and**

**(2) A lump sum of $2,400.00 in the form of a check payable to Petitioner only.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.