# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: August 21, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | UNPUBLISHED | |
| DONNA ANDERSON, | | |
| | No. 14-879V | |
| Petitioner, | | |
| v. | Special Master Gowen | |
| | | |
| SECRETARY OF HEALTH | Influenza ("Flu"); Acute Disseminated | |
| AND HUMAN SERVICES, | Encephalomyelitis ("ADEM"); Auto- | |
| | Immune Autonomic Ganglionopathy | |
| Respondent. | ("AAG"); Carpal Tunnel Syndrome; | |
| * * * * * * * * * * * * * | Cervical Spondylosis; Stipulation. | |

Lisa A. Roquemore, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON STIPULATION[1]

On September 22, 2014, Donna Anderson ("petitioner") filed a petition for compensation within the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner received an influenza ("flu") vaccination on October 11, 2012. Stipulation filed August 21, 2019 (ECF No. 132) ("Stipulation") at ¶ 2. Petitioner alleged that as a result of that flu vaccination, she suffered from central and peripheral nervous system issues, including but not limited to acute disseminated encephalomyelitis ("ADEM") and autoimmune autonomic ganglionopathy ("AAG"). Petitioner alleged that as a result of that flu vaccination, she also suffered a significant aggravation of her carpal tunnel syndrome and cervical spondylosis. Petitioner further alleges that she experienced the residual effects of those injuries for more than six months. *Id.* at ¶ 4.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 21, 2019, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner.  Stipulation.  Respondent denies that the flu vaccination caused petitioner to suffer from ADEM or AAG, or suffer the significant aggravation of carpal tunnel syndrome or cervical spondylosis.  Respondent further denies that the flu vaccination caused any other injury or her current condition.  *Id.* at ¶ 6.  Maintaining their respective positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation according to the terms of the stipulation attached hereto as Appendix A.  *Id.* at ¶ 7.

The stipulation awards:

1)  **A lump sum of $140,000.00, in the form of a check payable to petitioner; and**

2)  **An amount sufficient to purchase the annuity contract described in the stipulation at paragraph 10.**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

I adopt the stipulation as the decision of the Court in awarding damages.  I hereby award compensation in the amount and on the terms set forth therein.  Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DONNA ANDERSON,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 14-879V<br>Special Master Gowen<br>ECF |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Donna Anderson, petitioner, filed a petition for vaccine compensation, as amended, under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her flu immunization on October 11, 2012.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffered from central and peripheral nervous system issues, including but not limited to acute disseminated encephalomyelitis ("ADEM") and autoimmune autonomic ganglionopathy ("AGG") as a result of receiving the flu vaccine. Additionally, petitioner alleges that she suffered a significant aggravation of her carpal tunnel syndrome and cervical spondylosis as a result of receiving the flu vaccine. Petitioner further alleges that she experienced the residual effects of these injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer from ADEM or AGG, and also denies that the flu vaccine significantly aggravated petitioner's carpal tunnel syndrome or cervical spondylosis. Respondent further denies that the flu vaccine caused petitioner to suffer from any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $140,000.00 in the form of a check payable to petitioner, Donna Anderson;

    b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner for all remaining damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

> Beginning as soon as practicable after the date of judgment, $1,382.70 per month for 10 years certain only.

The payments provided for in this paragraph 10 shall be made as set forth above. Should petitioner predecease the exhaustion of any certain payments set forth above, any remaining certain payments shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands

4

of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 11, 2012, as alleged by petitioner in a petition filed for vaccine compensation on or about September 22, 2014, as amended and filed on or about May 22, 2017 and March 13, 2018, in the United States Court of Federal Claims as petition No. 14-879V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged ADEM or AGG, significantly aggravated her carpal tunnel syndrome or cervical spondylosis, or caused any other injury or her current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/

/

/

/

/

/

/

/

/

/

/

Respectfully submitted,

PETITIONER:

_____
DONNA ANDERSON

ATTORNEY OF RECORD FOR
PETITIONER:

_____
LISA A. ROQUEMORE, ESQ.
LAW OFFICE OF LISA A. ROQUEMORE
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Tel: (949) 622-5572

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*Ward Sorensen for*
_____
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
ADRIANA TEITEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3677

Dated: 8/21/2019