# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  May 22, 2020

```
* * * * * * * * * * * * * *
DONNA ANDERSON,              *     UNPUBLISHED
                            *
            Petitioner,     *     No. 14-879V
                            *     Special Master Gowen
v.                          *
                            *     Attorneys' Fees and Costs
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
            Respondent.     *
* * * * * * * * * * * * * *
```

Lisa A. Roquemore, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for Petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 18, 2019, Donna Anderson ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 142). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$146,601.68**.

## I.      Procedural History

On September 22, 2014, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner received an influenza ("flu") vaccination on October 11, 2012. Stipulation filed August 21, 2019 (ECF No. 132) ("Stipulation") at ¶ 2. Petitioner alleged that as

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

a result of that flu vaccination, she suffered from central and peripheral nervous system issues, including but not limited to acute disseminated encephalomyelitis ("ADEM") and autoimmune autonomic ganglionopathy ("AAG"). Petitioner alleged that as a result of that flu vaccination, she also suffered a significant aggravation of her carpal tunnel syndrome and cervical spondylosis. Petitioner further alleges that she experienced the residual effects of those injuries for more than six months.  Id. at ¶ 4. On August 21, 2019, the parties filed a stipulation, which I adopted as my Decision awarding compensation on the same day. Decision, ECF No. 133,

On November 18, 2019, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation for her attorney, Ms. Lisa Roquemore, in the total amount of $155,248.25, representing $127,084.20 in attorneys' fees, $15,448.34 in attorneys' costs, and $12,715.71 in out-of-pocket costs for Petitioner. Fees App. at 2-3. Respondent reacted to the fees motion on December 2, 2019, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 144). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.     **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a reasonable award of final attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.     **Attorneys' Fees**

Petitioner requests the following rates for the work of her counsel, Ms. Lisa Roquemore, $400.00 per hour for work performed in 2016-2017, $409.00 per hour for work performed in 2018, and $421.00 per hour for work performed in 2019. These rates are consistent with what Ms. Roquemore has previously been awarded for her Vaccine Program work, and I find them to be reasonable for work performed in the instant case as well.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be largely reasonable. The only minor issues concern time billed by paralegals to perform administrative tasks such as formatting and bates stamping exhibits, and excessive overall time on the handling of routine filings by the Court and Respondent. Ms.

Roquemore's firm appears to utilize a process where her paralegal downloads new filings and then presents them to Ms. Roquemore for review. The practical effect of this process is that it ensures at least twelve minutes is billed for the review of all new filings, no matter how routine they may be. This is excessive in my experience. While each individual entry represents a small amount of time, the cumulative effect of this billing practice over the course of an entire case which lasts several years, such as this one, is not insignificant. These issues have been noted and reduced by other special masters previously. *See, e.g., J.T. v. Sec'y of Health & Human Servs.*, No. 12-618V, 2018 WL 4623163, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 20, 2018). Upon review, a reasonable reduction for these entries is $3,000.00.

Upon review, I also find the amount of time expended to prepare the motion for attorneys' fees and costs (approximately 28 hours of combined work from Ms. Roquemore and her paralegal resulting in approximately $8000.00 billed) to be excessive. While I appreciate Ms. Roquemore's attention to detail, the instant fees motion perhaps takes that detail to excess – between two filings, the motion is a combined 402 pages. Given the overall length and complexity of the case, I find that 10 hours is a reasonable amount to expend on preparing a motion for attorneys' fees and costs. I shall therefore reduce the final award of fees by $5,000.00. Petitioner is therefore awarded final attorneys' fees of $119,084.20.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $15,448.34. This amount is comprised of acquiring medical records, postage, the Court's filing fee, travel costs to attend the ADR hearing, and work performed by Petitioner's experts, Dr. Lawrence Steinman and Dr. David Wilson. Petitioner has provided adequate documentation supporting all of the requested costs, and they appear reasonable in my experience.

Dr. Steinman's work in this case was billed at $550.00 per hour. Although Dr Steinman has generally been awarded an hourly rate of $500 per hour consistent with the informal cap on expert fees in this program, I find Dr. Steinman's expertise in the medical field and long-standing participation in the Vaccine Program should be recognized and that he should no longer continue to be so limited. The increase to $550 an hour is modest given that he has maintained the $500 rate for years and a few other experts with similarly excellent credentials have been awarded more than $500 an hour. I shall therefore compensate his work at $550.00 per hour as requested. Because petitioner has incurred $2,000.00 of that amount through paying Dr. Steinman's retainer, Ms. Roquemore shall be awarded the balance, $11,062.50. Accordingly, Ms. Roquemore is awarded final attorneys' costs of $15,448.34.

### c. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred costs of $12,715.71. The majority of this amount is comprised of retainers paid to petitioner's three expert witnesses ($10,500.00), with the remainder comprised of postage and travel costs associated with attending the ADR hearing in Washington, DC. Upon review, Petitioner's expenditure for

3

hotel and meals requires reduction. Petitioner requests a total of $1,293.15 for her hotel and meals in Washington, DC. However, she had not provided a breakdown as to how that total was reached, with only a scanned copy of her bank account statement showing the overall charge, making it difficult for me to assess its reasonableness. Fees App. Ex. 6 at 43. Additionally, petitioner's travel expenses indicate that she arrived in Washington, DC on April 24, 2019, and left on April 28, 2019. Given that the ADR hearing only lasted one day, this is an excessive amount of time to stay in Washington, DC and a key reason as to why the hotel and meals expenditure is so high. In comparison, the billing records reflect that Ms. Roquemore only spent two nights in Washington, DC for the ADR hearing, further bolstering the supposition that Petitioner's four-day stay was unreasonable. I will therefore reduce this expenditure by 50%, resulting in a reduction of $646.57. Petitioner is therefore awarded $12,069.14 in costs.

III.    **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $127,084.20 |
| (Reduction of Fees) | - ($8,000.00) |
| **Total Attorneys' Fees Awarded** | **$119,084.20** |
| | |
| Attorneys' Costs Requested | $15,448.34 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$15,448.34** |
| | |
| **Total Attorneys' Fees and Costs** | **$134,532.54** |
| | |
| **Petitioner's Costs** | **$12,069.14** |
| | |
| **Total Amount Awarded** | **$146,601.68** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $134,532.54, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Ms. Lisa Roquemore[3]; and**

2) **a lump sum in the amount of $12,069.14, representing reimbursement for Petitioner's costs, in the form of a check payable to petitioner.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**


**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).